# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JO WESLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-CV-00554-DGK |
| ) | |
| THE CINCINNATI CASUALTY COMPANY, ) | |
| ) | |
| PHILADELPHIA INDEMNITY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| VAYAN GROUP, LLC, and ) | |
| ) | |
| ARROW WORKFORCE SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

This equitable garnishment action stems from a default judgment issued by the Circuit Court of Clay County, Missouri, against two defendants. Plaintiff filed suit in the Circuit Court of Clay County, Missouri, and Defendants removed it to this Court.

Now before the Court are the parties' Joint Motion to Vacate the Scheduling Order and Postpone Mediation and for a Temporary Stay of Litigation, ECF No. 23, and the Court's Order, ECF No. 24, soliciting the parties views on whether this dispute was ripe for adjudication. In their joint motion, the parties report that Defendant Arrow Workforce Solutions, Inc., has filed a motion to set aside the underlying judgment on which the proposed equitable garnishments are based, and Defendant Vayan Group, LLC, intends to file a similar motion. The Court's order observed that if the state court was considering setting aside the judgments, a development which would moot this case, then this dispute might not be ripe. Order at 2. Further, the Court questioned whether in the event the case was not ripe it should be dismissed. *Id*.

After carefully reviewing the record, the Court holds this dispute is not ripe, thus the Court lacks subject matter jurisdiction to hear it.  And because this case was removed from state court, it must be remanded back to state court, not dismissed.  *See Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1032 (8th Cir. 2014) (finding that where a state case is removed to federal court but lacks Article III standing, the proper remedy is remand to state court); *Dallas Indep. Sch. Dist. v. Calvary Hill Cemetery*, 318 F. Supp. 2d 429, 432 (N.D. Tex. 2004) (noting that if a federal claim upon which the removal is based is not ripe, a district court "must remand the case to state court for lack of subject matter jurisdiction").

Accordingly, the parties' joint motion is DENIED, and the Clerk of the Court is instructed to remand this case to the Circuit Court of Clay County, Missouri.

**IT IS SO ORDERED.**

Date:   December 2, 2025  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT